# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ALEJANDRO HERNANDEZ, | ) | CASE NO. 4:12-cv-02040 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| MICHAEL PUGH, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court upon the motion (Doc. No. 9) of plaintiff *pro se* Alejandro Hernandez ("plaintiff" or "Hernandez") for reconsideration of the Court's memorandum opinion and order (Doc. No. 7) and corresponding judgment entry (Doc. No. 8) dismissing Hernandez's complaint (Doc. No. 1) pursuant to 28 U.S.C. § 1915(e). For the reasons stated below, plaintiff's motion is **DENIED**.

## I. BACKGROUND

Hernandez is a federal inmate incarcerated at the Northeast Ohio Correction Center ("NEOCC"), a prison owned and operated by the Corrections Corporation of America. He filed the subject *Bivens* action *pro se* against several NEOCC employees, asserting that they interfered with the practice of his religion and subjected him to cruel and unusual punishment.[1] Soon thereafter, plaintiff was granted permission to proceed *in forma pauperis*. (Doc. No. 6.)

On January 2, 2013, this Court issued a memorandum opinion and order with corresponding judgment entry dismissing plaintiff's complaint under 28 U.S.C. § 1915(e) for

---

[1] A more detailed account of plaintiff's allegations appears in the Court's January 2, 2013 memorandum opinion and order (Doc. No. 7), and the Court hereby incorporates same.

failure to state a claim upon which relief may be granted.[2] In response, plaintiff filed the subject motion for reconsideration.

## II. LAW AND ANALYSIS

A timely motion for reconsideration, also known as a motion to alter or amend a judgment, must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 59(e) motions may be granted "if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (internal quotations and citations omitted). That said, "Rule 59(e) motions are aimed at *re*consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Hernandez's motion for reconsideration is timely, as it was filed exactly 28 days after the Court entered judgment. In support of his motion, Hernandez offers four arguments. Although difficult to comprehend, those arguments appear to be: (1) that the Court should have given Hernandez leave to amend his complaint instead of dismissing it; (2) that dismissal was improper because it does not "appear[] beyond doubt that [Hernandez] can prove no set of facts

---

[2] Section 1915(e)(2) provides that, for proceedings *in forma pauperis*:

> [T]he court shall dismiss the case at any time if the court determines that–
>  (A) the allegation of poverty is untrue; or
>  (B) the action or appeal–
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

in support of his claim[s] which would entitle him to relief"; (3) that Hernandez had standing; and (4) that Hernandez was made to eat dairy products and meat together, in violation of Jewish law and Hernandez's right to free exercise of religion.

Two of plaintiff's arguments can be dismissed forthwith: the second is wholly unsupported and identifies an outdated legal standard,[3] and the third is irrelevant to the Court's original ruling, as it had nothing to do with Hernandez's standing or lack thereof. The Court's responses to Hernandez's first and final arguments, however, require some additional explanation. For reasons that will become clear, the Court addresses these in reverse order.

Hernandez's fourth argument can be understood by looking to the grievance forms attached to Hernandez's complaint and notice. There, a note from defendant Zeyer indicates that Hernandez had obtained meals during the day, while the fast was underway, without authorization. (Doc. No. 2-1 at 15.) Then, after sundown, Hernandez also attempted to partake in the meal offered to those who had fasted during the day, but was rebuffed because of the meals he had already acquired. (Doc. No. 2-2 at 16.) In another grievance, Hernandez claims that he was told to eat the three daytime meals simultaneously, and that this violated Jewish laws that forbid the drinking of milk together with the eating of meat. (Doc. No. 1-1 at 8.)[4]

Now the complete picture begins to take shape. Hernandez was observing the fast, but stocking up on food throughout the day instead of eating the meal provided to his fellow fasters after sundown. He was not allowed to receive the post-sundown meal because he

---

[3] Plaintiff's second argument recites the familiar standard for dismissal for failure to state a claim from *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), which has been supplanted by the "plausibility" standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560–63 (2007).

[4] This particular claim was not specifically stated in the body of Hernandez's complaint or "notice of *pro se*." Instead, the associated language appears as part of a grievance attached to the complaint. However, because Hernandez's motion for reconsideration indicates that he views these statements from the grievance as being among the claims asserted in his complaint, the Court will address it here on the merits out of an abundance of caution.

stockpiled the earlier meals. Those earlier meals, in the aggregate, contained both dairy products and meat. Thus, in order to properly observe the fast, yet consume a normal day's food and drink, Hernandez felt that he had to eat all of the day's meals at the same time. But that would require the consumption of dairy products and meat simultaneously, which is forbidden by Jewish law. As such, Hernandez alleges a violation of his free exercise rights.

Not so. To establish a violation of the free exercise clause, an individual must show that the government has placed a "substantial burden" on the practice of his religion. *Wilson v. Nat'l Labor Relations Bd.*, 920 F.2d 1282, 1290 (6th Cir. 1990).[5] A "substantial burden" is that which places "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007). By combining multiple meals—meals prepared for non-fasters, no less— into one, rather than eating meals specifically created for those observing the fast, Hernandez has himself burdened his ability to practice his religion; it is not the doing of defendants. Moreover, Hernandez was not forced or otherwise required to eat both the dairy products and the meat in his self-aggregated meal to become sated after a day of fasting.[6] In short, the notion that

---

[5] Hernandez's grievance claims a violation of the Religious Freedom Restoration Act ("RFRA"), but his corresponding reference in the motion for reconsideration alleges a violation of his free exercise rights. Because RFRA similarly requires that a person's exercise of religion be "substantially burden[ed]," the distinction is irrelevant to the Court's findings herein. *See* 42 U.S.C. § 2000bb-1.

[6] Even if he had contended as such, missing part of one meal would not have violated Hernandez's constitutional rights. *See Maynard v. Hale*, No. 3:11-cv-1233, 2012 WL 3401095, at *4 (M.D. Tenn. Aug. 14, 2012), *report and recommendation a*dopted by 2012 WL 4979842 (M.D. Tenn. Oct. 17, 2012) (missing one pre-dawn meal not a violation of free exercise rights of a prisoner fasting during Ramadan); *Marr v. Case*, No. 1:07-cv-823, 2008 WL 191326, at *3 (W.D. Mich. Jan. 18, 2008) (missing a single meal does not rise to the level of a constitutional violation); *White v. Sloan*, No. 9:06cv141, 2006 WL 2884945, at *8 (E.D. Tex. Oct. 6, 2006) ("occasionally miss[ing] a meal does not provide a basis for a potentially meritorious lawsuit"); *Oladipupo v. Austin*, 104 F. Supp. 2d 626, 640 (W.D. La. 2000) (plaintiff alleging he missed a single meal failed to state a claim because he did not state additional facts which would indicate he faced a substantial risk of harm due to the incident).

4

defendants presented Fernandez with an unconstitutional Hobson's choice of either practicing his religion or eating meals lacks an arguable basis in law or fact.

Hernandez's first argument is that the Court erred by not allowing him leave to amend his complaint prior to dismissal. Coincidentally, in the interim between the filing of the instant motion and this ruling, the Sixth Circuit overruled prior precedent by holding that "a district court *can* allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under [§ 1915]." *LaFountain v. Harry*, No. 11-1496, ___ F.3d ___, 2013 WL 2221569, at *5 (6th Cir. May 22, 2013) (emphasis added).[7] However, *LaFountain* merely *allows* a district court to give leave to amend; it by no means *requires* that leave be granted prior to dismissal. "There is certainly no rule of law in this circuit that requires a district court, *sua sponte*, to give a pro se plaintiff leave to amend his complaint absent a request[.]" *Brown v. Matauszak*, 415 F. App'x 608, 615 (6th Cir. 2011).

Notwithstanding the permissive language of *LaFountain*, and notwithstanding whether a party has actually sought leave to amend, "generally, '[i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Id.* at 614 (quoting Wright & Miller, *Federal Practice and Procedure* § 1483 (3d ed. 2010)). Dismissal with leave to amend is particularly preferable "'where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements[.]'" *Brown*,

---

[7] *LaFountain* overruled *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), where the court had stated that, "[u]nder [§ 1915], courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal." 114 F.3d at 612. *McGore* is cited in this Court's memorandum opinion and order dismissing Hernandez's complaint, but for the unrelated and uncontroversial proposition that § 1915(e) requires a district court to dismiss a petition filed *in forma pauperis* if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

415 F. App'x at 614–15 (quoting *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990)). Nevertheless, it remains the case that "leave to amend should be denied if the amendment . . . would be futile." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (internal quotation omitted).

In the instant case, the defects in Hernandez's complaint are not the result of his ignorance of the requirements of pleading, but are instead attributable to the failure of his allegations to amount to a violation of his constitutional rights. Unsurprisingly, Hernandez does not offer any additional putative facts with which he seeks to amend his complaint.

The Court has performed its own review of Hernandez's submissions and has found nothing to suggest that the defects therein could be cured by amendment. For these reasons, this Court believes that it was appropriate to dismiss Hernandez's complaint without granting leave to amend, as amendment would have been (and continues to be) futile.

## III. CONCLUSION

For the foregoing reasons, plaintiff Alejandro Hernandez's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 10, 2013

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

6