UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEJANDRO HERNANDEZ., | ) | CASE NO. 4:12-cv-2040 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| MICHAEL PUGH, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on plaintiff's motion styled "MOTION FOR SUMMARY JUDGMENT. Fed. R. CV. P. (56)." (Doc. No. 11.) Plaintiff also describes the motion as a Rule 59(e) motion. (*Id.*) In it, plaintiff objects to the Court's memorandum opinion and order dismissing plaintiff's case pursuant to 28 U.S.C. § 1915(e). (Doc. No. 7.) Plaintiff already filed a timely motion for reconsideration of that ruling pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. No. 9.) That motion was denied. (Doc. No. 10.) So, too, this motion is DENIED.

The Court construes plaintiff's arguments, which lack some measure of clarity, as follows. Plaintiff argues that the Court abused its discretion and violated its oath of office under 28 U.S.C. § 453 through its earlier rulings in this case. (Doc. No. 11 at 61.) Plaintiff then claims that his rights under the First and Fourteenth Amendments were violated when, on July 16, 2013, he was the only Jewish inmate who did not receive a "meal of fast." (Doc. No. 11 at 61–62.)

Plaintiff argues that this treatment placed a substantial burden on plaintiff's constitutional rights. This complaint, while alleging nearly identical First Amendment violations, arises out of events one year after the events giving rise to the original complaint.

To the extent that plaintiff's motion asks the Court to reconsider or alter its judgment, the motion is denied.[1] Though plaintiff purportedly brings this motion under Rule 59(e), a post-judgment motion to reconsider that is not filed within 28 days of an entry of judgment pursuant to Rule 59(e) is more properly construed as a motion seeking relief from judgment under Rule 60(b). *United States v. Menichino*, 172 F.3d 50 (6th Cir. 1998). Hernandez's motion was filed on July 23, 2013 (Doc. No. 11), more than six months after the entry of judgment on January 2, 2013. (Doc. No. 8.) Accordingly, the Court construes this motion as a motion for relief from judgment under Rule 60(b).

The Court may alter a judgment under this Rule for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Offering only general statements relating to "substantial burdens" and "reasonable regulations," plaintiff merely reargues his First Amendment claim rather than presenting any viable reasons to alter or amend judgment.

---

[1] To the extent that plaintiff's motion asks the Court to intervene in a new dispute between plaintiff and prison officials, the motion is denied. The alleged events of July 16, 2013, more than one year after the events giving rise to this claim, are far beyond the scope of plaintiff's complaint.

For the foregoing reasons, plaintiff's motion is DENIED. Further, the Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. §1915(a)(3).

**IT IS SO ORDERED**.

Dated: January 31, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**